The opinion of the Court was delivered by
Mr. Justice Cheves.
In the case of a joint contract, like the present, if one of the parties die, his executors or *320 administrators áre* at law, discharged from lia= bility* and the survivor alone can be sued, (1 on Plead. 36;) and in case the survivor be dead* his executor or administrator aione is to be süed. (1 Chitty on Plead. 37, 38.) .This point* which is very clear, according to the English books, has scarcely ever been questioned; and in the only case before the present in which I have known it to be questioned, it was solemnly recognised by this Court, (Burwell, Boykin vs. Administrators of Watson.) The only distinction between that case and the present is, that there, the survivor was living; and here it is stated, though it does not appear from the pleadings, that she is dead: this difference in the state of the facts, makes no difference in point of law: the cases are the same. It has been supposed, that there is no good reason for this rule of law¿ But if an adherence to the essential doctrines of actions and of pleadings, and the nature of the contract, can furnish one, there is a very goo d reason for it.
Where persons contract jointly, they must, if living, be sued jointly. This is the inevitable consequence of the nature of their contract. If one die, it must produce one of the following results ¿ 1st. The survivor, and the representatives of the deceased must be joined. But independent of the objection, that there might be no representative, this is impracticable, because the Same judgment cannot be rendered against both. *321 The judgment against the survivor would be de bonis propriis, and that against the representatives of the joint contractor de bonis testator is, (1 Chitty on Plead. 37.) 2d. They must both be sued in separate actions, but that would be to make a new contract for the parties contrary to their stipulations; it would malee it to all purposes a joint and several contract. 3d. The representatives of the deceased contractor only, must be $ued in exclusion of the survivor; lor this no plausible reason can be alleged. Or, lastly, The resort must be to the survivor exclusively; and this the law has, with wisdom, I think, established. It makes the defendant liable for no more than his contract, which subjected him to the payment of the whole, if not aided, from any cause whatever, by his associate, and gives to the plaintiff that remedy which in general will be most for his advantage, and all that he contemplated when he entered into the contract; or, otherwise he would, as he might have done, have made it a joint and several contract. Besides, it is only a question of jurisdiction, for both the plaintiff and defendant have a remedy perfectly ample, and precisely just; governed by the real equity of the case, in a Court of Equity, if the precise rules of law should not reach the justice of the case. If there be any hardship on any side, it is of the nature of those cases of hardship which form a great part of the *322 jurisdiction of the Court of Equity. I am satis- # t • ¶ fied the law is as it ought to be. I think the motion ought, to be granted. ” °
GrimhS, Colcock, JVott, and Johnson, J. concurred.